**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (301844)
co@colawcalifornia.com
750 B. Street, Suite 3300
San Diego, California 92101
Telephone: (619) 356-8960

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Camila S. Ruvalcaba

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**CAMILA S. RUVALCABA,**

Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC., EQUIFAX INFORMATION SERVICES, LLC., EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION LLC.,**

Defendants.

**Case No.:** '15CV0744 BAS DHB

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

  **1.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**

  **2.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**

  **3.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.; AND,**

  **4.) NEGLIGENCE**

**JURY TRIAL DEMANDED**

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## INTRODUCTION

1.  The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.   The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine

the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. Plaintiff CAMILA S. RUVALCABA ("Plaintiff"), through her attorneys, brings this lawsuit to challenge the actions OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendants"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"), and, TRANS UNION LLC ("Trans Union" or "Defendants") with regard to: (i) Ocwen, a debt collector, unlawfully and abusively collecting a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages; (ii) Defendants reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g); (iii) Defendants' willful and negligent failure to properly investigate the repeated disputes of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and (iv) Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

9. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

### JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (ii) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. et seq. ("CCCRAA"); and (iv) negligence.

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

### PARTIES

14. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, in the State of California, from whom Ocwen sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Plaintiff is a "senior citizen" as that term is defined by Cal. Civ. Code § 1761(f).

16. Defendant Ocwen is a limited liability company incorporated in the State of Delaware.

17. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

18. Defendant Experian is a corporation incorporated in the State of Ohio.

19. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

20. Ocwen is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Plaintiff is informed and believes, and thereon alleges, that Ocwen, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

22. Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

23. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a home loan. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS RE: OCWEN LOAN SERVICING, LLC.

25. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

26. Furthermore, Ocwen conducted business within the State of California at all times relevant.

27. On or about December 2005, Plaintiff entered into a mortgage loan contract with Ocwen, Account No. 7145392663, to help finance her property located at 3815 Hollyhock Lane, in National City, CA 91950.

28. Plaintiff paid Ocwen mortgage payments in the approximate amount of $4,531.26 per month, which was debited automatically from Plaintiff's Wells Fargo Checking Account No. 433393741 by Ocwen each month.

29. In an effort to lower Plaintiff's monthly mortgage payments, Plaintiff sought to refinance her mortgage.

30. On or about November 2013 Plaintiff ultimately decided to refinance her mortgage with Prospect Mortgage, LLC, which would be serviced by Cenlar.

31. On November 15, 2013 Ocwen debited $4,531.26 from Plaintiff's Wells Fargo account, which represented Plaintiff's mortgage payment for that month.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

32. However, just three days later, on November 18, 2013, Ocwen erroneously debited an additional $4,531.26 from Plaintiff's Wells Fargo account, which resulted in Plaintiff's account being overdrawn.

33. On November 19, 2013, Ocwen credited the erroneous debit back into Plaintiff's Wells Fargo account, but Plaintiff was charged a $25 NSF return item fee by Wells Fargo.

34. Coincidentally, sometime in between Ocwen erroneously debiting and then crediting Plaintiff's Wells Fargo account, the loan payoff quote of $282,767.47 was sent to Equity Title, the title company facilitating the refinancing process.

35. The $282,767.47 payoff quote represented the balance of Plaintiff's mortgage with Ocwen, with the second erroneous November debit still showing before it was ultimately credited back to Plaintiff's account.

36. When Ocwen reversed the erroneous debit, the mortgage balance increased to $285,465.06. This information was not communicated to Equity Title or Plaintiff.

37. On or about November 27, 2013, escrow was closed in good faith and a $284,202.70 check was sent to Ocwen, which represented the $282,767.47 principal balance, $36.00 satisfaction cost, $1,369.23 in interest, and a $30.00 payoff fee.

38. Ocwen, however, failed to apply this sum to Plaintiff's mortgage account with Ocwen.

39. After the refinance closed, Plaintiff, in good faith, consistently paid her monthly mortgage amounts to Cenlar as she agreed to.

40. Plaintiff was under no obligation to pay Ocwen any mortgage payments after Plaintiff's mortgage refinance closed in good faith on November 27, 2013.

41. However, on or about 2014, Plaintiff began receiving monthly mortgage account statements from Ocwen.

42. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

43. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

44. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

46. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

47. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

48. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

49. On or about 2014, Plaintiff also began receiving delinquency notices from Ocwen, which stated, "failure to bring your loan current may result in fees and foreclosure – the loss of your home." These delinquency notices demanded payments from Plaintiff in excess of $50,000 in order to bring Plaintiff's account "current."

50. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

51. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

52. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt would result in the sale of Plaintiff's property, even though such an action was not lawful. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

53. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken and that Ocwen did not intend to take. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

54. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

55. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

56. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

57. On or about 2014, Plaintiff also began receiving one to three calls per week from Ocwen threatening foreclosure on Plaintiff's property if Plaintiff did not become current with her alleged mortgage payment dues.

58. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

59. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt would result in the sale of Plaintiff's property, even though such an action was not lawful. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken and that Ocwen did not intend to take. This section is incorporated into the RFDCPA through Cal. Civ. Code §

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

62. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

63. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

64. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

65. Plaintiff verbally told Ocwen on numerous occasions that she refinanced her mortgage and her loan payments were being sent to Cenlar. Ocwen refused to adjust Plaintiff's account accordingly, asserting that Plaintiff's mortgage loan with Ocwen was seriously delinquent and even egregiously attempted to convince Plaintiff to refinance her mortgage with Ocwen.

66. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

67. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

68. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

69. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

70. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

71. On or about June 10, 2014 Plaintiff received a letter from Ocwen, which expressed that Plaintiff's account was "severely delinquent" and that Plaintiff's failure to contact Ocwen to resolve the matter "can result in the accumulation of fees and costs associated with foreclosure, the sale of this property at auction and even eviction."

72. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

73. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

74. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt would result in the sale of Plaintiff's property, even though such an action was not lawful. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

75. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken and that Ocwen did not intend to take. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

76. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

78. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

79. On or about September 10, 2014 Plaintiff received a letter from Ocwen, which stated that Ocwen did not "receive[] your mortgage payments for the months of 11/01/13 through 09/01/14. This means your account is now in default, and if you do not make these payments or reach another resolution with us, we may soon refer your loan to foreclosure, to commence the foreclosure process as required by your state law."

80. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

81. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

82. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt would result in the sale of Plaintiff's property, even though such an action was not lawful. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

83. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken and that Ocwen did not intend to take. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

84. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

85. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

86. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

87. On or about September 19, 2014 Ocwen sent a "Pre-Foreclosure Referral Letter," which expressed that Plaintiff's account was in default and Plaintiff's property "may be referred to foreclosure after 14 days from the date of this letter. As of 09/16/2014, you owe the following: . . . 'Total Due': $51,553.24."

88. Through this conduct, Ocwen violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

89. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

90. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt would result in the sale of Plaintiff's property, even though such an action was not lawful. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

91. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken and that Ocwen did not intend to take. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

92. Through this conduct, Ocwen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

93. Through this conduct, Ocwen violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

94. Through this conduct, Ocwen violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating Plaintiff's alleged debt nor permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Ocwen also violated Cal. Civ. Code § 1788.17.

95. Sometime before October 31, 2014 Plaintiff formally submitted a dispute to Ocwen explaining that she already refinanced her loan. Thus, Plaintiff was under no obligation to pay Ocwen after the refinance closed in good faith.

96. On or about October 31, 2014, Ocwen sent a letter to Plaintiff and acknowledged Plaintiff's formal dispute. Ocwen also stated that on July 18, 2014 the payoff check funds that Ocwen received on December 3, 2013 "were insufficient to pay the loan in full. Further, on July 18, 2014, these funds were returned back to the remitter."

97. Thus, Ocwen effectively failed to apply the payoff funds they received to Plaintiff's mortgage balance or close Plaintiff's account, citing the funds as insufficient, and waited over seven months before returning the funds.

98. Moreover, Ocwen has been involved in settlement negotiations with Equity Title to resolve the dispute as to the alleged insufficient payoff funds for Plaintiff's mortgage refinance, while at the same time egregiously attempting to collect the alleged debt from Plaintiff as well.

///

///

///

///

**FACTUAL ALLEGATIONS RE: EQUIFAX AND OCWEN (ACCOUNT NO. 714539\*)**

99. In an October 31, 2014 letter to Plaintiff, Ocwen stated that they "submitted a request to the credit bureaus to report the loan as 'current' for the months of December 2013 through July 2014."

100. In an Equifax credit report dated February 17, 2015 Ocwen reported the following inaccurate and derogatory information on Plaintiff's credit report:

- Balance: $285,465
- Current Status: 120+ Days Past Due
- Amount Past Due: $64,235
- Date of First Delinquency: 11/2013
- 01/2014 – 02/2014 (90 Days Past Due)
- 03/2014 (150 Days Past Due)
- 04/2014 – 10/2014 (180 Days Past Due)
- Comments: 180 Days Past Due

101. On or about February 27, 2015, Plaintiff disputed Ocwen's reported information regarding the account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, via U.S. Certified Mail, of the above incorrect and derogatory credit information furnished by Ocwen.

102. Plaintiff further requested in that February 27, 2015 dispute that Equifax:

- Immediately delete this account and the disputed derogatory information from my credit report.
- The alleged debt should be reported with an account balance of $0 with a status of "current".
- If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account.

103. Upon information and belief, Equifax timely notified Ocwen of Plaintiff's dispute, but Ocwen continued reporting derogatory information.

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

104. Ocwen and Equifax were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

105. On or about March 11, 2015, Plaintiff received notification from Equifax that Ocwen and Equifax received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account belonged to Plaintiff.

106. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Ocwen and Equifax simply left derogatory information on Plaintiff's report.  Specifically, Ocwen and Equifax reported the following inaccurate, derogatory information:

- Amount Past Due: $78,973
- Balance Amount: $285,465
- Date of First Delinquency: 11/2013
- 01/2014 – 02/2014: 90 – 119 Days Past Due
- 03/2014 – 11/2014: 180 or More Days Past Due

107. Through this conduct, Equifax violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

108. Through this conduct, Ocwen violated Cal. Civ. Code § 1785.25(a) by furnishing information to Equifax that Ocwen knew or should have known was inaccurate.

109. Ocwen and Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

110. Ocwen and Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

111. Due to Ocwen and Equifax's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

112. Plaintiff's continued efforts to correct Ocwen and Equifax's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Ocwen and Equifax were fruitless.

113. Ocwen and Equifax's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

114. Ocwen and Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

115. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Ocwen and Equifax failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**FACTUAL ALLEGATIONS RE: EXPERIAN AND OCWEN (ACCOUNT NO. 714539*)**

116. In an October 31, 2014 letter to Plaintiff, Ocwen stated that they "submitted a request to the credit bureaus to report the loan as 'current' for the months of December 2013 through July 2014."

117. In an Experian credit report dated February 25, 2015 Ocwen reported the following inaccurate and derogatory information on Plaintiff's credit report:

- Balance: $285,465

- Payment Status: Past due 180 days

- Past Due (Amount): $64,235

- 01/2014 – 02/2014 (90 Days Past Due)

- 03/2014 – 10/2014 (120 Days Past Due)

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

118. On or about February 27, 2015, Plaintiff disputed Ocwen's reported information regarding the account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, via U.S. Certified Mail, of the above incorrect and derogatory credit information furnished by Ocwen.

119. Plaintiff further requested in that February 27, 2015 dispute that Experian:

- Immediately delete this account and the disputed derogatory information from my credit report.

- The alleged debt should be reported with an account balance of $0 with a status of "current".

- If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account.

120. Upon information and belief, Experian timely notified Ocwen of Plaintiff's dispute, but Ocwen continued reporting derogatory information.

121. Ocwen and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

122. On or about March 13, 2015, Plaintiff received notification from Experian that Ocwen and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account "may be considered negative".

123. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Ocwen and Experian simply left derogatory information on Plaintiff's report.  Specifically, Ocwen and Experian reported the following inaccurate, derogatory information:

- Recent Balance: $285,466 as of March 2015

- Status: Open. $78,973 past due as of March 2015

- 01/2014 – 02/2014 (90 Days Past Due)

- 03/2014 (150 Days Past Due)

- 04/2014 – 11/2014 (180 Days Past Due)

- 03/2015 (180 Days Past Due)
- Account Balances   for March 2013 through July 2013 and October 2014.

124. Through this conduct, Experian violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

125. Through this conduct, Ocwen violated Cal. Civ. Code § 1785.25(a) by furnishing information to Experian that Ocwen knew or should have known was inaccurate.

126. Ocwen and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

127. Ocwen and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

128. Due to Ocwen and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

129. Plaintiff's continued efforts to correct Ocwen and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Ocwen and Equifax were fruitless.

130. Ocwen and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

131. Ocwen and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

///

///

132. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Ocwen and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

FACTUAL ALLEGATIONS RE: TRANS UNION AND OCWEN (ACCOUNT NO. 714539*)

133. In an October 31, 2014 letter to Plaintiff, Ocwen stated that they "submitted a request to the credit bureaus to report the loan as 'current' for the months of December 2013 through July 2014."

134. In a Trans Union credit report dated February 25, 2015 Ocwen reported the following inaccurate and derogatory information on Plaintiff's credit report:

- Balance: $285,465
- Payment Status: 120 days past due
- Past Due (Amount): $64,235
- 01/2014 – 02/2014 (90 Days Past Due)
- 03/2014 – 10/2014 (120 Days Past Due)

135. On or about February 27, 2015, Plaintiff disputed Ocwen's reported information regarding the account pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Trans Union, in writing, via U.S. Certified Mail, of the incorrect and derogatory credit information furnished by Ocwen.

136. Plaintiff further requested in that February 27, 2015 dispute that Trans Union:

- Immediately delete this account and the disputed derogatory information from my credit report.
- The alleged debt should be reported with an account balance of $0 with a status of "current".
- If you do not immediately delete this from my credit report, please include a 100 word statement in my credit report of all of the disputed information contained in this letter regarding this account.

137. Upon information and belief, Trans Union timely notified Ocwen of Plaintiff's dispute, but Ocwen continued reporting derogatory information.

138. Ocwen and Trans Union were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

139. On or about March 11, 2015, Plaintiff received notification from Trans Union that Trans Union and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "adverse".

140. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Ocwen and Trans Union simply left derogatory information on Plaintiff's report. Specifically, Ocwen and Trans Union reported the following inaccurate, derogatory information:

- Balance: $285,466 as of March 2015
- Past Due: $78,973
- Pay Status: Account 120 Days Past Due
- Maximum Delinquency of 120 Days in 03/2014
- 01/2014 – 02/2014 (90 Days Past Due)
- 03/2014 – 11/2014 (120 Days Past Due)

141. Through this conduct, Trans Union violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

142. Through this conduct, Ocwen violated Cal. Civ. Code § 1785.25(a) by furnishing information to Trans Union that Ocwen knew or should have known was inaccurate.

143. Ocwen and Trans Union, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

///

///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

144. Ocwen and Trans Union failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

145. Due to Ocwen and Trans Union's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

146. Plaintiff's continued efforts to correct Ocwen and Trans Union's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Ocwen and Trans Union were fruitless.

147. Ocwen and Trans Union's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

148. Ocwen and Trans Union's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

149. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Ocwen and Trans Union failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

### [AGAINST OCWEN ONLY]

150. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

151. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

152. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to

any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Ocwen.

**COUNT II**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. §§ 1681 ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

153. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

154. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

155. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

156. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

///
///
///
///
///
///

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

## COUNT III

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST OCWEN ONLY]

157. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

158. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

159. In the regular course of its business operations, Ocwen routinely furnishes information to credit reporting agencies pertaining to transactions between Ocwen and Ocwen's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

160. Because Ocwen is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Ocwen is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Ocwen allegedly received all documents required to collect Plaintiff's alleged debt, Ocwen should have also know that Plaintiff's alleged debt had been forgiven.

## COUNT IV

### NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

161. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

162. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Ocwen owed

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

a duty to Plaintiff with regard to their manner of debt collection practices. Moreover, Equifax, Experian, and Trans Union owed a duty to Plaintiff to maintain accurate credit reports.

163. Defendants breached Defendants' respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

164. Plaintiff asserts that Defendants are each the actual and legal cause of Plaintiff's injuries.

165. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered severe emotional distress.

166. Plaintiff believes and thereon alleges that Defendants breached Defendants' respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct demonstrates Defendants' conscious disregard for the rights and safety of Plaintiff.  Thus, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant Ocwen;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant Ocwen;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant Ocwen;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- General damages according to proof;

- Special damages according to proof;

- Costs of suit incurred herein;

- Punitive damages according to proof as to the Fourth Cause of Action against Defendants;

- Treble damages pursuant to Cal. Civ. Code § 3345; and,

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

- Any and all other relief the Court deems just and proper.

Dated: April 6, 2015                    Respectfully submitted,

                                        LAW OFFICE OF CLARK OVRUCHESKY

                                        By: /s/ Clark Ovruchesky
                                            CLARK OVRUCHESKY, ESQ.
                                            ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

167. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 6, 2015                    Respectfully submitted,

                                        LAW OFFICE OF CLARK OVRUCHESKY

                                        By: /s/ Clark Ovruchesky
                                            CLARK OVRUCHESKY, ESQ.
                                            ATTORNEY FOR PLAINTIFF

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICE OF CLARK OVRUCHESKY
750 B. STREET, SUITE 3300
SAN DIEGO, CA 92101

PROOF OF SERVICE