# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILA S. RUVALCABA,<br><br>  Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, LLC, *et al*.,<br><br>  Defendants. | Case No. 15-cv-00744-BAS (DHB)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED CROSS-CLAIM**<br><br>**[ECF No. 183]** |

Presently before the Court is a motion by Defendant/Cross-Claimant Ocwen Loan Servicing, LLC ("Ocwen") for leave to file an amended cross-claim against Cross-Defendant Equity Title Company ("Equity"). (ECF No. 183) In compliance with Local Rule 15.1(b), Ocwen has filed a copy of the proposed amendment. (ECF No. 184.) Equity has opposed the motion (ECF No. 191) and Ocwen has replied (ECF No. 192). For the reasons stated herein, the Court denies Ocwen's motion for leave to amend.

**I.   BACKGROUND**

Pursuant to this Court's permission (ECF No. 98), Plaintiff Camila S. Ruvalcaba filed a Third Amended Complaint ("TAC") on January 31, 2017, which added Equity and Dennise Gurfinkiel as defendants in the underlying case (ECF No.

99). The Court instructed the parties to arrange for a new scheduling order with the magistrate judge to align the new parties and claims on the same litigation timetable with the pre-existing parties. (ECF No. 98) At the request of the parties, Magistrate Judge Louisa Porter vacated all deadlines in the pre-existing scheduling orders (ECF Nos. 89, 96) and directed the parties to submit a new proposed schedule by March 3, 2017. (ECF No. 105.) On March 3, 2017, Ocwen filed its cross-claim ("Cross-Claim") against People's Escrow, Inc.; Prospect Mortgage, LLC; Equity; Gurfinkiel; and Plaintiff. (ECF No. 111.)

Judge Porter subsequently held a case management conference on March 14, 2017, at which Ocwen was represented by counsel. (ECF No. 116.) On the basis of the conference, Judge Porter entered a scheduling order (the "Scheduling Order"), which required that "any motion . . . to amend the pleadings, or to file additional pleadings shall be filed by May 15, 2017." (ECF No. 117.) On March 21, 2017, Ocwen and Equity jointly agreed to extend Equity's time to respond to the Cross-Claim from March 24, 2017 to May 29, 2017 to discuss potential settlement (ECF No. 121), which the Court granted (ECF No. 122). The May 15, 2017 deadline for amending pleadings expired with no amendment to Ocwen's Cross-Claim, nor request to extend the deadline to amend. On June 1, 2017, Ocwen and Equity jointly requested a second extension of time for Equity to respond to Ocwen's Cross-Claim in light of Equity's pending motion to dismiss the TAC. (ECF No. 138) Pursuant to this Court's order granting the request, Equity was required to respond to the Cross-Claim within 10 days of this Court's ruling on Equity's motion to dismiss Plaintiff's TAC. (ECF No. 141.)

On July 13, 2017, this Court granted Equity's motion to dismiss, providing Plaintiff with leave to file a fourth amended complaint. (ECF No. 156.) Equity was thus required to respond to Ocwen's Cross-Claim by Monday, July 24, 2017. (ECF No. 192 at 9.) Neither an answer, nor a motion to dismiss the Cross-Claim was filed by Equity by this deadline. On July 26, 2017, Equity and Plaintiff agreed to dismiss

all of Plaintiff's claims against Equity with prejudice, which this Court approved. (ECF Nos. 161, 162.)

Subsequently, on August 31, 2017, all parties jointly moved to amend the Scheduling Order to extend certain pre-trial deadlines. (ECF No. 169.) The parties did not request extension of the deadline to amend pleadings. (*Id*.) After a hearing in chambers (ECF No. 176), this Court granted in part the parties' request on September 27, 2017, and extended certain pre-trial deadlines based on a showing of good cause. (ECF No. 178.) The Court's order did not extend any deadlines for motions to amend. (*Id*.) On November 3, 2017, Ocwen filed the present motion for leave to file an amended cross-claim. (ECF No. 183.) The Court now considers the merits of the motion.

## II. LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a) governs a motion for leave to amend pleadings when a party seeks to amend after twenty days from the date when the initial complaint was served. Under the Rule, "a party may amend [its] pleading only by leave of court or by written consent of the party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, where a motion for leave to amend is filed after entry of a Rule 16 scheduling order, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15[.]" *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir. 2006). Under such circumstances, "a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607–08 (9th Cir. 1992)). This is because considering a motion for leave to amend without regard to Rule 16(b) "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 16(b)(4) provides that "[a] schedule may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This standard is "more stringent" than that of Rule 15(a). *See AmerisourceBergen Corp.*, 465 F.3d at 952; *Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452, 459 (D. Ariz. 2012). Whereas Rule 15(a) focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "Only after a showing of good cause under Rule 16(b)(4) has been made will a court apply Rule 15(a). *Johnson*, 975 F.2d at 609. Prejudice to the non-moving party, while not required under Rule 16(b)'s good cause assessment, can serve as an additional reason to deny a motion for leave to amend. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### III. DISCUSSION

Both Ocwen and Equity dispute at length whether Ocwen has sufficiently met the Rule 15(a) standard regarding a motion for leave to amend. The parties do not address the threshold issue which this Court must consider in deciding whether to grant or deny Ocwen's motion: whether Ocwen has shown good cause under Rule 16(b) to file an amended pleading after the May 15, 2017 deadline set by the existing Scheduling Order (ECF No. 117). The Court finds that Ocwen has failed to satisfy this threshold.

Under Rule 16(b)'s good cause standard, the moving party is generally required to show:

> (1) that the movant was diligent in assisting the Court in creating a workable Rule 16 Order; (2) that the movant's noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding the movant's diligent efforts to comply because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling

conference; and (3) that the movant was diligent in seeking amendment of the Rule 16 Order once it became apparent that the movant could not comply with the Order.

*Jackson*, 186 F.R.D. at 608. Ocwen has failed to show the diligence necessary to amend the Scheduling Order to permit its instant motion. Although Ocwen fails to expressly address good cause, it asserts that all of the events which gave rise to the need to amend its Cross-Claim occurred after the May 15, 2017 deadline to file an amended pleading. (ECF No. 183-1 at 9.) The Court construes this as Ocwen's basis for good cause to support modifying the Scheduling Order to permit the amendment, and is not persuaded. Ocwen first points to Equity's "unilateral[] transfer[]" of short payoff funds to Ocwen on July 6, 2017, after the deadline to amend as an event necessitating the current motion. (*Id.*) This alleged transfer, however, forms the basis of only two allegations out of the thirty new allegations contained in the proposed amended cross-claim. (ECF No. 184, Ex. 2 ¶¶58–59.) A delay of nearly three months to add these allegations does not support a finding of diligence necessary to amend the scheduling order.

Ocwen further states that it met and conferred with Equity regarding Equity's "planned MTD," with Ocwen agreeing that it would prophylactically file the proposed amended Cross-Claim rather than having Equity file a motion to dismiss as a means of conserving judicial resources. (ECF No. 183-1 at 9.) Ocwen indicates that this meet and conferral is the primary reason why it seeks leave to amend. (*Id.* at 1, 9.) While the Court appreciates Ocwen's concern with conserving judicial resources, the Court is not persuaded by Ocwen's assertion that the issues discussed at the meet and conferral necessitated amending the Cross-Claim long after the May 15, 2017 deadline. Pursuant to a second extension granted by the Court at the parties' joint request, Equity's deadline to answer the Cross-Claim or file a motion to dismiss expired on July 24, 2017. After Equity failed to meet that deadline, Ocwen had the right to file a motion for entry of default against Equity, *see* FED. R.

Civ. P. 55(a), and, indeed, Ocwen indicates that it notified Equity on September 6, 2017 of its intent to file such a motion. (ECF No. 183-2 ¶3.) Notwithstanding this, Ocwen did not file such a motion. Instead, Ocwen states that it met and conferred with Equity throughout August and early September 2017 regarding Equity's apparent intent to file a motion to dismiss the Cross-Claim—a motion which Equity could not in fact file without a showing of good cause. *See* FED. R. CIV. P. 6(b) (showing of good cause required to extend deadlines set by Federal Rules of Civil Procedure). At no point since the expiration of the time period for Equity to respond to the Cross-Claim has Equity sought to file a motion to dismiss Ocwen's cross-claim. Under these circumstances and in the absence of any responsive pleading by Equity to the Cross-Claim, the Court does not find persuasive Ocwen's assertion that the meet and conferral necessitated its motion for leave to amend the Cross-Claim.

The record otherwise shows that Ocwen has not been diligent in seeking leave to amend its Cross-Claim. The proposed amended Cross-Claim contains some thirty new factual allegations, the majority of which pertain to events that occurred in 2013 and 2014. (*See generally* ECF No. 184 Ex. 2.) Ocwen states that most of the new factual allegations came to light during Plaintiff's deposition on May 10, 2017, May 11, 2017, and May 31, 2017, and Gurfinkiel's deposition on June 1, 2017. (ECF No. 183-1 at 9.) Even assuming that Ocwen did not learn the facts which form the basis of the new factual allegations until it obtained this discovery, Ocwen filed its motion five months after receiving this discovery. If Ocwen had moved earlier to file an amended cross-claim, the Court might be more sympathetic to Ocwen's argument that it was not possible to amend the Cross-Claim by May 15, 2017. *See, e.g., Johnson*, 975 F.2d at 608 (A court should modify a pretrial deadline if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension."). However, Ocwen itself represents that "we delayed filing the motion to amend on the Equity Title issue. . ." (ECF No. 183-2 ¶11.) This delay in seeking to amend the Cross-Claim long after taking the discovery on which Ocwen states it relied to

formulate the proposed amendments cannot support a finding of diligence.

Additionally, although all parties moved to extend certain deadlines in the Rule 16 Scheduling Order on August 31, 2017, Ocwen made no request to extend the deadline to amend pleadings. (ECF No. 169.) This was despite Ocwen's assertion to the other parties in this case as early as August 11, 2017 that it would likely seek to amend its Cross-Claim. (ECF No. 183-2 ¶10.) This Court's in-person hearing on the parties' proposed modifications to the Scheduling Order provided an additional opportunity for Ocwen to notify the Court of any need for potential amendments to the Cross-Claim. The failure of Ocwen to raise to the Court the need to extend the Scheduling Order's deadline for amended pleadings at this prior juncture, which occurred after Ocwen had the discovery underlying the proposed amendments, cannot support a finding that Ocwen was diligent in enabling this Court to create a workable Rule 16 order. *See Jackson*, 186 F.R.D. at 608; *cf. Benchmark Young Adult Sch., Inc. v. Launchworks Life Servs., LLC*, No. 12-cv-02953-BAS (BGS), 2014 WL 3014720, at *3 (S.D. Cal. July 3, 2014) (finding party was diligent in assisting court in creating a workable scheduling order by seeking to modify the order because of delays in document production).

Lastly, the Court finds that granting Ocwen's motion for leave to amend the Cross-Claim would be prejudicial. "The court enters scheduling orders to control its docket and parties who cavalierly disregard the deadlines established by the court delay proceedings, and congest the docket . . . disruption of the court's discovery plan and order deadlines is not harmless." *Chem. Bank v. Star Dev. & Holding, LLC*, No. 2:16-cv-01523-MMD-PAL, 2017 U.S. Dist. LEXIS 191252, at *12 (D. Nev. Nov. 17, 2017). Although discovery closed on December 31, 2017 (ECF No. 178 ¶4), granting Ocwen's motion would require reopening discovery to enable Equity to address the new allegations, inevitably resulting in further delay of a case that has been pending for over two years. Such delay is clearly prejudicial not only to Equity but to all other parties, including the Plaintiff, because the Scheduling Order applies

to all of them. This "supplies an additional reason for denying the motion." *Coleman*, 232 F.3d at 1295.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Ocwen's motion for leave to amend the Cross-Claim. (ECF No. 183.) In light of Equity's failure to timely respond to Ocwen's Cross-Claim (ECF No. 111) or otherwise seek an extension of the time to do so, it is **FURTHER ORDERED** that Equity shall file an answer to the Cross-Claim **no later than January 15, 2018**.

**IT IS SO ORDERED.**

**DATED: January 4, 2018**

Hon. Cynthia Bashant
United States District Judge