# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILA S. RUVALCABA,<br><br>                      Plaintiff,<br><br>     v.<br><br>OCWEN LOAN SERVICING, LLC, *et al*.,<br><br>                      Defendants<br><br>AND RELATED CROSS-CLAIMS | Case No. 15-cv-0744-BAS-DHB<br><br>**ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO CAL. CIV. CODE §877.6(a)(2)**<br><br>[ECF No. 196] |

     Defendants Prospect Mortgage, LLC ("Prospect"), People's Escrow, Inc. ("People's"), and Dennise Gurfinkiel ("Gurfinkiel) (collectively "Settling Defendants") now move this Court to approve the settlement (the "Settlement") they have reached with Plaintiff Camila S. Ruvalcaba as a settlement made in good faith pursuant to California Code of Civil Procedure Sections 877, *et seq*. (ECF No.196.) They further seek (1) dismissal with prejudice all cross-claims by Ocwen against them and (2) dismissal with prejudice of Plaintiff's claim against them and their cross-claims against each other, as set forth in the Settlement. (*Id*.) In support of the motion, the Settling Defendants have filed a declaration, which includes a copy of the Settlement Agreement. (ECF Nos. 197 ("Hilbert Decl."); 197-1, Ex. 1

(Settlement Agreement).) No opposition to the Settling Defendants' motion has been filed. For the reasons set forth herein, the Court **GRANTS** the motion.

I. BACKGROUND

A. The Handling of Plaintiff's Loan and Refinancing[1]

In December 2005, Plaintiff Ruvalcaba purchased a home located at 3815 Hollyhock Lane, National City, CA 91950 (the "Property"), with a mortgage from American Home Mortgage secured by a deed of trust (the "Mortgage"). (ECF No. 99 ¶35.) The Mortgage was transferred to Ocwen in March 2013 and became the Ocwen Loan. (*Id.* ¶39.) To lower the amount of her mortgage, Plaintiff sought to refinance the Mortgage. (*Id.* ¶42.)

Around August 2013, after communications with Gurfinkiel, Plaintiff received a loan from Prospect ("Prospect Loan") in the amount of $292,500.00 for her Mortgage refinancing. People's handled the refinance escrow and Equity handled the sub-escrow function. After escrow on the Prospect Loan closed on November 27, 2013, the proceeds from the Prospect Loan were tended to Ocwen as payment on the Ocwen Loan. Ocwen alleged that the payment was short of a full payoff by about $4,000 and refused to apply the Prospect Loan funds to the balance due on the Ocwen Loan. Plaintiff alleges that the shortfall was caused by the actions of Gurfinkiel, who was an employee of Prospect at the time. While Ocwen refused to apply the proceeds from the Prospect Loan, Ocwen held the $284,377.74 payment in a suspense account for seven months before returning the funds to Equity. Ocwen also permitted interest and late fees to continue to accrue on the Ocwen Loan and allegedly made a series of adverse credit reports to credit agencies about the status of the Ocwen Loan. The Settling Defendants assert that they had no role in the nature, timing, or content of the alleged adverse credit reports.

In a payoff quote (the "Payoff Quote") dated May 18, 2017 and valid through

---

[1] These facts are taken from the operative pleading, the Third Amended Complaint (ECF No. 99) and the Settling Defendants' motion (ECF No. 196).

June 16, 2017, Ocwen claimed that $366,417.03 was due on the Ocwen Loan, of which $285,465.06 was principal. (ECF No. 197-1, Ex. 2.) In July 2017, Equity once more tendered the Prospect Loan proceeds to Ocwen. On November 7, 2017, the parties filed a stipulation in which Ocwen agreed to apply the Prospect Loan proceeds to the principal amount due on the Ocwen Loan. (ECF No. 185.)

### B. The Settlement

On November 13, 2017, Plaintiff and the Settling Defendants memorialized the Settlement that is the subject of this motion. (Settlement ¶4.) The Settlement was reached after multiple meet and conferrals between counsel for the Settling Defendants and Plaintiff's counsel, and participation in mediation by all parties in this litigation. (Hilbert Decl. ¶¶5–6.)

Pursuant to the Settlement, the Settling Defendants agree to pay Plaintiff a total of $80,000 in exchange for Plaintiff's dismissal with prejudice of her claims against them. (Settlement ¶¶1–2.) The settlement amount is derived in part from the alleged interest and late fees due on the full amount of the Ocwen Loan as set forth in the Payoff Quote. (Hilbert Decl. ¶7; *see also* ECF No. 197-1, Ex. 2 at 1.) The combined amount of interest and late fees in the Payoff Quote was $65,771.83, with miscellaneous charges bringing the total non-principal amount due to $80,951.97. (ECF No. 197-1, Ex. 2 at 1.) In addition to the settlement amount, Plaintiff agrees to indemnify Prospect, People's and Gurfinkiel against any claims for any amounts still due to Ocwen at the conclusion of this action. (*Id.* ¶5.) Prospect and People each agrees to dismiss with prejudice their respective cross-claims against each other. (*Id.* ¶¶4–5.) Finally, the Settlement is contingent upon a determination by the Court that it was made in good faith and, based on such a finding, dismissal with prejudice of Ocwen's cross-claims against the Settling Defendants. (*Id.* ¶8.) No party to the Settlement admits to liability. (*Id.* ¶17.)

### C. Procedural History

Plaintiff Ruvalcaba initially commenced this action on April 6, 2015 against,

*inter alia*, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), alleging violations of federal and state statutory law and negligence in connection with the handling of her home loan. (ECF No. 1.) In the time after Plaintiff filed the initial complaint, both People's and Prospect filed cross-claims against Ocwen for equitable indemnity, contribution, apportionment of fault, and declaratory relief. (ECF Nos. 35, 45-1.) Plaintiff subsequently added Defendants Prospect and People's to the action in her Second Amended Complaint. (ECF No. 64.)

In the Third Amended Complaint ("TAC"), Plaintiff's operative pleadings, Plaintiff added Equity Title Company ("Equity") and Dennise Gurfinkiel ("Gurfinkiel) as defendants. (ECF No. 99.) The TAC once more asserts causes of action against Ocwen for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq*.; the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE §1785.1, *et seq*.; and the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE §§1788, *et seq*. (*Id*.) The TAC alleges a cause of action for negligent hiring, supervision, and/or retention of employee against Prospect only, and a negligence claim against all Defendants. (*Id*.)

After Plaintiff filed the TAC, Ocwen filed its cross-claim for equitable indemnity, contribution, and equitable apportionment against Plaintiff and Defendants Equity, Prospect, People's and Gurfinkiel. (ECF No. 111.) On July 13, 2017, this Court granted Equity's motion to dismiss Plaintiff's claims against it in the TAC, providing Plaintiff with leave to file a fourth amended complaint. (ECF No. 156.) On July 26, 2017, Equity and Plaintiff agreed to dismiss all of Plaintiff's claims against Equity with prejudice, which this Court approved. (ECF Nos. 161, 162.)

The Court now turns to the Settling Defendants' motion for determination of good faith settlement pursuant to California Code of Civil Procedure §§ 877, *et seq*.

## II. LEGAL STANDARD

"When a district court sits in diversity, or hears state law claims based on

supplemental jurisdiction, the court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). California Code of Civil Procedure sections 877 and 877.6(c) constitute substantive law. *Id.*; *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 n. 6 (9th Cir. 1990).

Section 877.6(a)(2) provides that "a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement," setting forth the settling parties, basis, terms, and amount of the settlement, and a proposed order. CAL. CIV. PROC. CODE §877.6(a)(2). "Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement." *Id*. "If none of the nonsettling parties files a motion within 25 days of mailing . . . , or within 20 days of personal service, the court may approve the settlement." *Id*.

The court is given broad discretion in deciding whether a settlement is in good faith for purposes of section 877.6. *Cahill v. San Diego Gas & Elec. Co*., 124 Cal. Rptr. 3d 78, 94 (Cal. Ct. App. 2011). The court's exercise of discretion to determine good faith "should be exercised in view of the equitable goals of the statute, in conformity with the spirit of the law and in a manner that services the interests of justice." *Long Beach Mem'l Med. Ctr. v. Super. Ct.*, 91 Cal. Rptr. 3d 494, 500 (Cal. Ct. App. 2009). To determine whether a settlement was entered into in good faith, courts consider the *Tech-Bilt* factors, which include: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (4) the allocation of settlement proceeds among plaintiffs; (5) the settling party's financial condition and the availability of insurance; and (6) evidence of any collusion, fraud or tortious fraud between the seller and the plaintiff aimed at requiring the non-settling parties to pay more than their fair

share. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 698 P.2d 159, 166–67 (Cal. 1985)); *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 512 (9th Cir. 1990). The evaluation must be made based on the information available at the time of the settlement. *Tech-Bilt*, 698 P.2d at 167. Once a settlor shows good faith, the burden of proof to rebut good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith. *City of Grand Terrace v. Superior Ct.*, 238 Cal. Rptr. 119, 124 (Cal. Ct. App. 1987).

"A party which receives court approval of a settlement is entitled to a dismissal of the action." *Great W. Bank v. Converse Consultants, Inc.*, 58 Cal. App. 4th 609, 613 (Cal. Ct. App. 1997). Moreover, court approval of a settlement bars the claims of any other joint tortfeasors against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. *See* CAL. CIV. CODE §877.6(c).

## III. DISCUSSION

### A. Good Faith

Settling Defendants move this Court to approve their settlement with Plaintiff for $80,000, which they contend is proportionate to their possible liability in this case. (ECF No. 196.) They further contend that there has been no collusion, fraud, or tortious conduct amongst them in reaching the Settlement. (*Id.*) The Court finds that the settlement is a good faith settlement. Of great weight to the Court is the fact that no party opposes the motion.

#### 1. Approximation of Proportionate Liability, Settlement Amount, and Allocation

The settling party's proportionate liability is one of the most important factors. *Long Beach Memorial Med. Ctr. v. Superior Ct.*, 91 Ca. Rptr. 3d 494, 500–01 (Cal. Ct. App. 2009). According to Settling Defendants, the only basis for liability against them is that they acted negligently in connection with the payment of Plaintiff's home loan. (ECF No. 196 at 4–5.) The Court agrees. The only causes of action against

them concern negligence, whereas liability against Ocwen includes alleged violations of fair credit reporting acts—violations which substantially increase Ocwen's potential liability in this action.[2]  The Settling Defendants' proportionate liability is therefore framed according to the negligence cause of action against them.  Prospect's proportionate liability also includes Plaintiff's negligent hiring, supervision, and/or retention of employee claim related to Prospect's employment of Gurfinkiel.

With respect to Plaintiff's negligence cause of action, the Settling Defendants estimate their maximum total liability as the amount of actual damages.  That amount is the $82,000 in interest and late fees allegedly due on the Ocwen Loan after the proceeds from the Prospect Loan are applied to the principal due.[3]  The Settling Defendants contend that their minimum potential liability would be under $10,000.  They arrive at this estimate by asserting that had Ocwen applied the proceeds from the Prospect Loan in December 2013, Plaintiff's actual damages would have been the approximate $4,000 in principal due on the Ocwen Loan, with interest and late fees on that amount bringing their liability to roughly under $10,000.  The Settling Defendants also contend that $82,000 is the maximum potential liability for Plaintiff's negligent hiring, supervision, and/or retention of employee claim against Prospect. (ECF No. 196 at 5.)  As to both causes of action, the Settling Defendants assert that Plaintiff cannot cover emotional distress damages for the financial injury she suffered. (*Id.* (citing *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1983).)

The Court finds that the $80,000 settlement payment is "not out of proportion"

---

[2] The Settling Defendants indicate that at the mediation in which all parties participated, it became evident that a global settlement could not be reached because Plaintiff sought separate amounts from Ocwen based on its alleged violations of various credit reporting statutes. (Hilbert Decl. ¶6.)

[3] The Settling Defendants use $82,000 as a rough estimate.  Reviewing the Payoff Quote, the Court has determined that the total non-principal amount that would be due is specifically $80,951.97. (ECF No. 197-1, Ex. 2 at 1.)

to what Plaintiff's probable recovery from them would have been if she had proven her case against them. *Kohn v. Superior Ct.*, 191 Cal. Rptr. 78, 82 (Cal. Ct. App. 1983); *see also Delis v. Sionix Corp.*, SACV 13-1547 AG (RNBx), 2014 U.S. Dist. LEXIS 194705, at *7 (C.D. Cal. Oct. 27, 2014) (accounting for defendants' proportional share of comparative liability for Plaintiff's liability). Here, the settlement represents nearly all of Plaintiff's overall damages, based on the information available at the time of settlement. Thus, the settlement is more than a rough approximation of the Settling Defendants' potential liability. The allocation of the settlement amount to the Plaintiff is also reasonable because she is the only plaintiff in this litigation.

Moreover, in making these determinations, the Court is mindful that a settling defendant should pay less in settlement than it would if it were found liable after a trial. Although the settlement amount does not account for potential non-economic damages, the Settling Defendants have come to an agreement after multiple meet and conferrals with Plaintiff and a mediation sitting. Under these circumstances, a settling defendant is allowed to receive a discount by settling, rather than proceeding to trial. *See Select Portfolio Servicing v. Valentino*, No. C 12–0334 SI, 2013 WL 3956667, at *3 (N.D. Cal. July 30, 2013).

### 2. Financial Condition of Settling Defendants

Although the Settling Defendants have not provided evidence of their financial and insurance policy limits, the fact that the Settling Defendants and Plaintiff agreed to the settlement terms through counsel and after arm's-length negotiations suggests that any ability by them to pay more has been balanced against the facts of the case and the degree to which the Settling Defendants are liable. *See, e.g., Perez v. Ford Motor Co.*, No. 1:10-cv-02213-LJO-SKO, 2012 WL 1119782, at *4 (E.D. Cal. April 3, 2012). Therefore, this factor is neutral in the Court's assessment of good faith.

### 3. Collusion, Fraud or Tortious Conduct

The final relevant factor is collusion, fraud, or tortious conduct aimed at

injuring the interests of the joint tortfeasors. *N. Cty. Contractor's Ass'n. v. Touchstone Ins. Servs.*, 27 Cal. App. 4th 1085, 1089-90 (1994) ("Good faith may be found only if there has been no collusion between the settling parties and where the settlement amount appears to be within the 'reasonable range' of the settling party's proportionate share of comparative liability for a plaintiff's injuries."). Based on a review of the Settlement and the moving papers, the Court finds that there is no evidence of collusion, fraud, or tortious conduct. Nor has any other party to the litigation raised the possibility of such conduct.

After considering all of the *Tech-Bilt* factors, the Court concludes the settlement was reached in good faith under California Code of Civil Procedure Section 877.6.

**B.     Dismissal of Claims and Cross-Claims**

The Settling Defendants also request (1) dismissal with prejudice all cross-claims by Ocwen against them and (2) dismissal with prejudice of Plaintiff's claims against them and their cross-claims against each other, subject to the terms of the Settlement. (ECF No. 196.)

Because the Court finds the settlement to be in good faith, the Settling Defendants are entitled to dismissal of Ocwen's cross-claims against them and a bar on similar claims from other joint tortfeasors. *See Great W. Bank*, 58 Cal. App. 4th at 613. "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." CAL. CIV. PROC. CODE §877.6(c); *see also* CAL. CIV. PROC. CODE §877(b) ("Where a release . . . is given in good faith before verdict or judgment . . . [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties."); *Bay Dev., Ltd. v. Super. Ct*., 791 P.2d 290, 293 (Cal. 1990) (claims seeking implied contractual indemnity barred by finding of good faith); *Far West Fin. Corp.*

*v. D&S Co., Inc.*, 760 P.2d 399, 413 (Cal. 1998) (all equitable indemnity claims, including total equitable indemnity claims, barred by finding of good faith). Here, Ocwen has asserted cross-claims for equitable indemnity, contribution, and equitable apportionment against Prospect and People's. These cross-claims fall directly within the scope of Section 877.6(c) and its interpretation by California courts. Accordingly, these cross-claims are hereby dismissed.[4]

With respect to dismissal with prejudice of Plaintiff's claims against the Settling Defendants and their cross-claims against each other, the Settlement Agreement provides that Plaintiff and the Settling Defendants will dismiss their claims and cross-claims with prejudice upon Plaintiff's receipt of the settlement payment. (ECF No. 197-1 at ¶¶2–4.) The Settling Defendants have thirty days from the date of this Court's good faith determination to pay Plaintiff. (*Id.* ¶¶1, 8.) Although a finding of good faith entitles a party to dismissal of the action, the Court will order the parties to comply with the terms of the settlement pertaining to payment and the procedure for subsequent dismissal of their claims and cross-claims against each other rather.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Settling Defendants' motion for determination of good faith settlement (ECF No. 196) is **GRANTED**. It is further **ORDERED** that:

1. All Cross-Claims by Ocwen (ECF No. 111) against the Settling Defendants are **DISMISSED WITH PREJUDICE**. Ocwen's sole remaining cross-claims in this action are against Plaintiff and Equity.

2. The Court **HEREBY BARS** any present or potential joint tortfeasor from bringing any future claims against the Settling Defendants for equitable

---

[4] The Court observes that both Prospect and People's have cross-claims against Ocwen. (ECF Nos. 35, 45-1.) Ocwen has answered both of these cross-claims. (ECF Nos. 46, 50.) If Prospect and People's intend for their cross-claims against Ocwen to be dismissed in light of the dismissal of Ocwen's identical cross-claims against them, Prospect and People's should provide notice to the Court.

contribution or partial or comparative indemnity based on comparative negligence or comparative fault in connection with the conduct at issue in this litigation.

3. The Settling Defendants and Plaintiff are **ORDERED** to carry out the terms of the Settlement. (ECF No. 197-1 Ex. 1.) Pursuant to those terms, within 30 days of this Court's order, Settling Defendants shall pay Plaintiff the agreed upon amount. The Plaintiff and Settling Defendants shall thereafter move to dismiss with prejudice their respective claims and cross-claims against each other.

**IT IS SO ORDERED.**

**DATED: January 26, 2018**

Hon. Cynthia Bashant
United States District Judge