# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILA S. RUVALCABA,<br><br>      Plaintiff,<br><br> v.<br><br>OCWEN LOAN SERVICING, LLC, *et al*.,<br><br>      Defendants.<br><br>AND RELATED CROSS-CLAIMS | Case No. 15-cv-00744-BAS-DHB<br><br>**ORDER:**<br><br>**(1) DISMISSING WITHOUT PREJUDICE OCWEN'S STATE LAW CROSS-CLAIMS AGAINST EQUITY**<br><br>**(2) TERMINATING AS MOOT EQUITY'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF No. 204 ]** |

  Pending before the Court is Cross-Defendant Equity Title Company's ("Equity") motion for judgment on the pleadings as to Cross-Plaintiff Ocwen Loan Servicing LLC's ("Ocwen") state law cross-claims for equitable indemnity, contribution, apportionment of fault, and declaratory relief. (ECF No. 204.) Ocwen has opposed (ECF No. 207) and Equity has replied (ECF No. 209). The Court, however, concludes that it is proper to decline to exercise supplemental jurisdiction over Ocwen's state law cross-claims, as a matter of its discretionary authority to do

so. Declining to exercise supplemental jurisdiction moots Equity's motion for judgment on the pleadings.

**DISCUSSION**

Ocwen's state law cross-claims are expressly premised on this Court's exercise of supplemental jurisdiction. (ECF No. 111 ¶8 ("This Cross-Claim against CROSS-DEFENDANTS and RUVALACABA are supplemental to the main action and arise out of the same transaction/property alleged in the main action and jurisdiction is proper under 28 USC §1367(a)."). After Equity moved for judgment on the pleadings as to Ocwen's state law cross-claims, the Court dismissed with prejudice Plaintiff Camila Ruvalcaba's federal and state law claims against Ocwen on February 12, 2018. (ECF No. 206.) The Court has therefore dismissed all claims over which it has original jurisdiction. Moreover, Owen's state law cross-claims against Equity are the only claims remaining in this litigation. (ECF Nos. 201, 206.)

"[W]here a district court has dismissed all claims over which it has original jurisdiction, it may *sua sponte* decline to exercise supplemental jurisdiction over remaining state law claims." *Andrews v. Wash. State Dep't of Soc. & Health Servs.*, No. C15-5871BHS, 2017 WL 320621, at *1 (W.D. Wash. Jan. 23, 2017) (alterations in original) (quoting *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015)); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n.3 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997). District courts may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the federal claim; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) if there is some other exceptional and compelling reason to decline jurisdiction. *See* 28 U.S.C. §1367(c). In deciding whether to exercise supplemental jurisdiction, the court should consider the interests of judicial economy, convenience, fairness and comity. *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 173, (1997); *Smith v. Lenches*, 263 F.3d 972, 977 (9th

Cir. 2001).

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). These factors point toward declining to exercise supplemental jurisdiction because exercising jurisdiction would neither promote judicial economy nor convenience to the parties because the cross-claims have not progressed beyond the pleading stage. Further investment of judicial energy does not justify the retention of jurisdiction over Ocwen's state law cross-claims. *See Otto v. Heckler*, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice." (citation omitted)); *Pugh v. Wells Fargo Bank, N.A.*, No. 2:13-cv-01617-GEB-DAD, 2013 WL 5673469, at *4 (E.D. Cal. Oct. 17, 2013). Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Madhvamuni K Das v. WMC Mortg. Corp.*, No. 10-cv-00650-LHK, 2012 WL 1657111, at *10 (N.D. Cal. May 10, 2012). Having dismissed all claims over which it had original jurisdiction and finding that the relevant factors point toward declining to exercise supplemental jurisdiction, the Court concludes that it is proper to decline to exercise supplemental jurisdiction over Ocwen's remaining state law cross-claims against Equity under Section 1367(c)(3).

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DECLINES** to exercise supplemental jurisdiction over Ocwen's state-law cross claims against Equity (ECF No. 111) and **DISMISSES WITHOUT PREJUDICE** the cross-claims. With no claims

– 3 –

remaining in this litigation, the Clerk of the Court is directed to close the case. The Court further **TERMINATES AS MOOT** Equity's motion for judgment on the pleadings. (ECF No. 204.)

    **IT IS SO ORDERED.**

DATED: March 8, 2018

*/s/ Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge